**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| MARINA ADEA, | ) | No. EDCV 08-262 CW |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I.   BACKGROUND**

Plaintiff Marina Adea was born on February 29, 1956, and was fifty-one years old at the time of her administrative hearing. [Administrative Record ("AR") 6, 77.]  She has a high school education and past relevant work experience as a certified nursing aide. [AR 43,

164.] Plaintiff alleges disability on the basis of back and leg problems arising from a workplace injury. [AR 42.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on February 26, 2008, and filed on March 4, 2008. On September 5, 2008, defendant filed an answer and plaintiff's Administrative Record ("AR"). On November 28, 2008, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") on October 26, 2005, alleging disability since October 20, 2004. [AR 40.] After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on August 31, 2007, before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. [AR 6.] Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Sandra Fioretti. [Id.] The ALJ denied benefits in an administrative decision filed on October 26, 2007. [AR 40-47.] When the Appeals Council denied review on January 25, 2008, the ALJ's decision became the Commissioner's final decision. [AR 2-4.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the

court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.   DISCUSSION

### A.   THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

>      Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>      Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>      Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>      Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>      Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

    Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v.

4

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had a "severe" impairment, namely a back injury (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 42-43.] The ALJ found that plaintiff had an RFC for light work, which would preclude her past relevant work (step four). [AR 44, 46.] The ALJ concluded that based on plaintiff's RFC, age, education and work experience, a finding of "not disabled" was directed by Rule 202.21 of the Medical-Vocational Guidelines (step five). [AR 47.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

**C.   ISSUES IN DISPUTE**

The Joint Stipulation identifies four disputed issues:

1. Whether the ALJ properly considered the opinion of Dr. Carleton Wallace;
2. Whether the ALJ properly considered the opinion of Dr. Sunny Uppal;
3. Whether the ALJ properly considered the opinion of Dr. Neil Halbridge; and
4. Whether the ALJ properly considered whether plaintiff met or

---

Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

equaled the requirements of Listing 1.04A (Disorders of the Spine).

[JS 2-3.]

As discussed below, Issues One, Two and Three are dispositive.

**D.  DRS. WALLACE, HALBRIDGE AND UPPAL**

On October 20, 2004, plaintiff injured her back while working as a certified nurse's aide when she attempted to shift a patient onto a bed. [AR 210.]  Plaintiff developed severe pain in her back. [Id.] She subsequently saw a number of physicians. [AR 207.]

Shortly after the injury, plaintiff began seeing Dr. Carleton Wallace. [AR 156-67.]  In December 2004, Dr. Wallace performed an orthopedic examination. [AR 162-67.]  Dr. Wallace diagnosed acute herniated disc and recommended epidural injections with the possibility of future surgery. [AR 164, 166.]  Dr. Wallace stated that plaintiff was "temporarily totally disabled at this point." [AR 166.] Dr. Wallace repeated his conclusion that plaintiff was temporarily totally disabled during additional examinations in February 2005, March 2005 and April 2005. [AR 156-60.]  In the latest examination, Dr. Wallace noted that plaintiff "has gone six months and not improved significantly to the point of being able to return to work" and that she was a candidate for surgical decompression. [AR 157.]

Dr. Neil Halbridge also treated plaintiff during this period. [AR 190-204.]  In July 2005, Dr. Halbridge examined plaintiff and diagnosed herniated lumbar disc syndrome with extruded disc (5-6 mm) L4-5 right and right lower extremity L5 lumbar radiculopathy. [AR 199.]  Dr. Halbridge recommended a surgical consultation and stated that plaintiff was temporarily totally disabled until August 2005. [AR 200.]  In August 2005, Dr. Halbridge again diagnosed plaintiff with a

herniated disc, recommended surgical treatment and stated that plaintiff was temporarily totally disabled until September 2005. [AR 191-92.]

Dr. Sunny Uppal performed a discectomy and laminectomy of L4-L5 on September 4, 2005. [AR 207.] Upon discharge, Dr. Uppal stated that plaintiff should perform no heavy lifting or prolonged sitting. [Id.] In a post-surgical examination conducted in November 2005, Dr. Uppal noted that plaintiff's "level of back and leg pain is improving significantly" but that she was temporarily totally disabled from November 9, 2005, to December 30, 2005. [AR 182.] In February 2006, Dr. Uppal completed a "permanent and stationary" evaluation. [AR 172-76.] Dr. Uppal observed that plaintiff had "intermittent slight to moderate low back pain," should be precluded from doing heavy lifting or repetitive bending and stooping, and that she may require physical therapy and pain medication. [AR 174.] Dr. Uppal concluded that plaintiff was entitled to ten percent total body impairment and was a qualified injured worker.[2] In a subsequent examination in March 2006, Dr. Uppal noted that plaintiff "is having no worsening symptoms," recommended vocational rehabilitation, and opined that state disability benefits would be appropriate because "the likelihood of her going back to nursing is improbable." [AR 170.]

In the administrative decision, the ALJ discussed the opinions of Drs. Wallace, Halbridge and Uppal but concluded that plaintiff was not disabled as defined by the Social Security Act from her alleged onset

---

[2] In worker's compensation terms, a qualified injured worker is eligible for vocational rehabilitation when she is precluded from engaging in her past work and rehabilitation services would help her return to suitable gainful employment. See Gamble v. Workers' Comp. Appeals Board, 143 Cal. App. 4th 71, 81, 49 Cal. Rptr. 3d 36 (2006).

date to the date of the administrative decision. [AR 43.] Plaintiff contends that the ALJ's discussion of the medical evidence was cursory and failed to include the physicians' opinion that plaintiff was temporarily totally disabled for certain periods of time. [JS 4-11.] Plaintiff further contends that these opinions establish that plaintiff is disabled. [Id.]

Based on the evidence cited above, it appears that plaintiff may be entitled to at least a closed period of disability, from the date of her injury on October 20, 2004, to December 31, 2005, the date cited in Dr. Uppal's opinion. A claimant may receive such an award upon a proper showing that a disability lasted for a continuous twelve-month period, even if there is a showing of subsequent medical improvement. See Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1459-60 (9th Cir. 1995). Because this possibility was not addressed in the administrative decision, remand for further proceedings is required.

### E. REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, as set out above, outstanding issues remain before a finding of disability can be made. Accordingly, remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: January 13, 2009

                                                  _____/S/_____
                                                  CARLA M. WOEHRLE
                                        United States Magistrate Judge